Filed 3/14/25  P. v. Eaton CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN ALLEN EATON,<br><br>Defendant and Appellant. | C096853<br><br>(Super. Ct. No. 93F04514)<br><br>OPINION ON TRANSFER |

In 1993, defendant John Allen Eaton was convicted of first degree murder and second degree robbery with numerous enhancements and sentenced to 41 years to life.  In 2022, Eaton petitioned for resentencing.  After striking Eaton's prior prison term enhancement as legally invalid, the trial court declined to further modify his sentence and otherwise reimposed the original sentence.  On appeal, Eaton argued the trial court erred by failing to strike all but one of his enhancements and by relying on aggravating circumstances that were not properly proven to impose the upper term.  In our prior opinion, we rejected Eaton's claim that the trial court was required to strike all but a

1

single enhancement and concluded that the trial court's reliance on improperly proven aggravating circumstances was harmless.

The California Supreme Court granted review and transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*) and *Erlinger v. United States* (2024) 602 U.S. 821. By separate order, we vacated our decision.

We again reject Eaton's claim that the trial court was required to strike all but a single enhancement. As to the aggravating circumstances claim, we now conclude that, in accordance with this court's decision in *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon-Thompson*), the trial court did not err in reimposing the upper term because aggravating circumstances need not be proven beyond a reasonable doubt at a section 1172.75 resentencing if the court previously imposed the upper term. Accordingly, we affirm the judgment. We order the clerk of the superior court to correct the abstract of judgment to delete Eaton's prior prison term enhancement.

## BACKGROUND

On October 9, 1992, T.F. and his grandmother E.S.[1] were leaving a restaurant when they were confronted by Eaton and Walter Maurice Savage. Savage grabbed E.S.'s purse while Eaton pointed a semiautomatic handgun at T.F. and demanded his wallet. When T.F. did not respond, Eaton shot T.F. in the right temple, killing him. A jury found Eaton guilty of first degree murder (Pen. Code, § 187, subd. (a))[2] and second degree robbery (§ 211) with firearm use enhancements for both offenses (former § 12022.5, subd. (a)). The trial court found true that Eaton had a prior serious felony conviction

---

[1] To protect their privacy, we refer to the victims by their first and last name initials. (Cal. Rules of Court, rule 8.90(b)(4).) Undesignated rule references are to the California Rules of Court.

[2] Undesignated statutory references are to the Penal Code.

2

(§ 667, subd. (a)) and had served a prior prison term (§ 667.5, subd. (b)). The court sentenced Eaton to 25 years to life for the murder conviction, five years (the upper term) for the robbery conviction, five years (the upper term at the time) for the firearm use enhancement for the murder, five years for the prior serious felony enhancement, and one year for the prior prison term enhancement.

In June 2022, Eaton petitioned for resentencing on numerous grounds, asserting that: (1) the sentence for his prior prison term enhancement was now legally invalid pursuant to section 1172.75 (former section 1171.1); (2) all but one of his enhancements should be stricken pursuant to section 1385; and (3) he should be sentenced to the lower term for the robbery conviction.[3] As to that final argument, Eaton contended that he was "eligible" for the lower term under section 1170, subdivision (b)(6)(B) because he was under 26 years old at the time of the offense. He further argued that the lower term was appropriate because the aggravating circumstances from his original sentencing could not be considered now as they had not been properly proven under section 1170, subdivision (b).

At the resentencing hearing, the trial court first noted that Eaton was 22 years old at the time of the offense but made no finding that his youth was a contributing factor in the commission of the offense. The court then stated that "[t]he aggravating factors in this particular case include the following:" (1) a prior 1991 conviction for receiving stolen property and a prior 1989 conviction for battery causing serious bodily injury (rule 4.421(b)(2)); (2) prior prison terms for both of those convictions (rule 4.421(b)(3)); (3) that "defendant engaged in multiple conduct violations including violence and

---

[3] The record is silent as to whether the Department of Corrections and Rehabilitation provided Eaton's name and case number to the trial court prior to the resentencing. (See § 1172.75, subd. (b).) We presume the Department of Corrections and Rehabilitation performed its duty by the statutory deadline of July 1, 2022—well before the trial court recalled and resentenced Eaton in this case. (See Evid. Code, § 664.)

demonstrating he is a serious danger to society," citing specifically his 1988 battery of multiple security guards while committing theft, his 1989 battery causing serious bodily injury to a vice principal, and the present robbery and murder convictions (rule 4.421(b)(1)); (4) that his "prior performance on probation or under juvenile supervision is clearly unsatisfactory" (rule 4.421(b)(5)); and (5) that "defendant was on parole at the time of the commission of this current crime" (rule 4.421(b)(4)).

Next, the trial court found that Eaton's "CDC&R performance includes the following," before listing on the record Eaton's numerous prison rule violations. Finally, immediately before pronouncing the sentence, the court noted that the original sentencing judge in 1993 found Eaton's past crimes were "numerous and of increasing seriousness."

The trial court ultimately agreed that the one-year sentence for Eaton's prior prison term was no longer valid but disagreed that section 1385 mandated the dismissal of all but a single enhancement. The court went on to conclude that Eaton was not entitled to any relief under section 1385 because "he is a continuing danger to the community." It then reimposed the upper term of five years for both the robbery conviction and the firearm use enhancement and five years for the prior serious felony enhancement. In total, Eaton's sentence was reduced by one year due to the court striking the prior prison term enhancement. The abstract of judgment indicates that the punishment was stricken for the prior prison term enhancement under section 667.5. Eaton timely appealed.

DISCUSSION

I

*Striking All But a Single Enhancement*

Eaton argues that the trial court was required to strike all but a single enhancement pursuant to section 1385. We disagree.

"In 2021, the Legislature enacted Senate Bill No. 81 (2021-2022 Reg. Sess.) . . . which amended section 1385 to specify factors that the trial court must consider when

4

deciding whether to strike enhancements from a defendant's sentence in the interest of justice. (Stats. 2021, ch. 721, § 1.)" (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) Subdivision (c)(1) of section 1385 as amended provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Subdivision (c)(2) of section 1385 provides in relevant part: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." The pertinent factor here is contained in subdivision (c)(2)(B) of section 1385: "Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed."

Taken together, these provisions provide the trial court with the discretion not to dismiss the enhancement due to the mitigating factors in section 1385, subdivision (c)(2), if the court finds the dismissal of the enhancement would endanger public safety. (See *People v. Mendoza* (2023) 88 Cal.App.5th 287, 296 ["The 'shall be dismissed' language . . . applies only if the court does not find that dismissal of the enhancement would endanger public safety"]; cf. *People v. Walker* (2024) 16 Cal.5th 1024, 1029.) Here, the trial court made such a finding when it found Eaton was "a continuing danger to the community" and thus declined to dismiss all enhancements beyond a single enhancement. Eaton does not challenge this factual finding on appeal. We conclude that the trial court properly exercised its discretion under section 1385.

## II

### *Upper Terms for Robbery Conviction and Firearm Enhancement*

Eaton next argues that the trial court violated his statutory rights and rights under the Sixth Amendment to the United States Constitution by reimposing the upper terms for the robbery conviction and the firearm enhancement based on aggravating circumstances not proven in accordance with section 1170, subdivision (b). Under this provision, an upper term sentence must be justified by circumstances in aggravation, and the facts underlying those circumstances must have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. (§ 1170, subd. (b)(1), (2).) An exception to this rule authorizes the court to consider a defendant's prior convictions in determining sentencing based on certified records of conviction without submitting the prior convictions to the jury. (§ 1170, subd. (b)(3).)

In their initial briefing, the People argued that there was no constitutional error and that the state law error was harmless. In our prior opinion, we agreed with the People, applying the reasoning of *People v. Zabelle* (2022) 80 Cal.App.5th 1098, disapproved of by *Lynch*, *supra*, 16 Cal.5th 730. Our Supreme Court granted review in this matter and subsequently decided *Lynch*, which disapproved of *Zabelle*. In *Lynch*, our Supreme Court concluded that, under section 1170, subdivision (b), "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established. The violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* [*v. California* (1967) 386 U.S. 18] standard of review, the defendant is entitled to a remand for resentencing." (*Lynch*, at pp. 768-769.)

6

Moreover, while this appeal was pending, the United States Supreme Court decided *Erlinger v. United States*, *supra*, 602 U.S. 821.  There, the court rejected the argument that the prior conviction exception to the Sixth Amendment "permits a judge to find perhaps any fact related to a defendant's past offenses, including whether he committed them on different occasions" within the meaning of the Armed Career Criminal Act of 1984 (18 U.S.C. § 924(e)).  (*Erlinger*, at p. 836.)  Instead, "a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' "  (*Erlinger*, at p. 838.)

The California Supreme Court transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *Lynch* and *Erlinger*.  We vacated our prior decision and the parties submitted additional briefing addressing "matters arising after the previous Court of Appeal decision in the cause."  (Rule 8.200(b)(2).)  Eaton also submitted two requests for judicial notice.

On the merits, Eaton argues that *Lynch* and *Erlinger* compel the conclusion that the trial court erred in imposing the upper term and that the error was prejudicial.  In response, the People raise a new argument.  Relying on this court's recent decision in *Brannon-Thompson*, *supra*, 104 Cal.App.5th 455, the People contend that no error occurred because "aggravating factors need not be found true beyond a reasonable doubt in a section 1172.75 proceeding when, as here, the upper term was previously imposed." We agree with the People.

Under section 1172.75, a person currently serving a term for a prior prison term enhancement imposed before January 1, 2020 (with exceptions not relevant here) is entitled to recall of the sentence and resentencing, as such enhancements have been declared legally invalid.  (§ 1172.75, subds. (a)-(c).)  Section 1172.75, subdivision (d)(2) provides that the resentencing court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of

7

sentencing." Section 1172.75, subdivision (d)(4) provides that, in resentencing proceedings pursuant to this section, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

In *Brannon-Thompson*, this court concluded that section 1172.75, subdivision (d)(4) "carves out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 458.) We explained that, giving this provision's language its plain meaning, "it is evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Id.* at pp. 466-467.)

Under *Brannon-Thompson*, the trial court here could reimpose the upper term for the robbery conviction and firearm enhancement at the section 1172.75 resentencing without reliance on aggravating circumstances because the upper term had previously been imposed. Accordingly, the trial court did not err in sentencing Eaton to the upper term based on aggravating circumstances not proven in accordance with section 1170, subdivision (b).

Eaton urges us to find that *Brannon-Thompson* was wrongly decided and to instead follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312. In *Gonzalez*, the court acknowledged "that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*Id.* at pp. 328-329.) But the court ultimately adopted a different

8

interpretation, reasoning that *Brannon-Thompson*'s plain language understanding of the statute would violate the Sixth Amendment. (*Gonzalez*, at pp. 329-331.) The court explained that "reading an exemption into section 1172.75, subdivision (d)(4) . . . and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in *Lynch*." (*Id*. at p. 330.)

We respectfully disagree with the *Gonzalez* court's analysis. Under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California* (2007) 549 U.S. 270, 281.) There is no dispute that, under *Lynch*, the additional factual determinations required to impose the upper term under section 1170, subdivision (b) implicate the Sixth Amendment jury trial right. As our Supreme Court explained, "under the current statute the aggravating facts used to 'justify' an upper term sentence are 'necessary to [its] imposition,' [citation] and effectively function like elements of a crime." (*Lynch*, *supra*, 16 Cal.5th at p. 760.) But *Brannon-Thompson* interpreted section 1172.75, subdivision (d)(4) as carving out an exception to the factfinding requirements of section 1170, subdivision (b). And because those requirements do not apply when reimposing the upper term at a section 1172.75 resentencing, the Sixth Amendment is not implicated. (See *Lynch*, at p. 759 ["It is the requirement of additional factfinding that brings the Sixth Amendment into play"]; see also *id*. at p. 756 ["[I]n this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].)

Eaton insists that the People have forfeited this argument by failing to raise it in the trial court or in their first brief. He also accuses the People of proceeding in bad faith, suggesting that the Attorney General does not "genuinely believe[] that *Brannon-Thompson* is good law." These arguments are beside the point. Eaton's claim here is that the trial court erred in reimposing the upper term based on aggravating factors not found

9

in accordance with section 1170, subdivision (b).  That claim necessarily fails because, in these circumstances, aggravating factors are not required to be found true beyond a reasonable doubt if the upper term was previously imposed.  Therefore, regardless of whether the People forfeited any specific argument, we must apply the relevant law and reject Eaton's claim.  (See *People v. Sullivan* (2007) 151 Cal.App.4th 524, 549 [" ' "[I]t is defendant's burden on appeal to affirmatively demonstrate error" ' "].)

As noted, Eaton has submitted two requests for judicial notice.  In his first request, Eaton asks that we take judicial notice of the People's merits brief in a different case before the California Supreme Court.  Eaton claims that, in certain respects, the People's arguments in that brief are consistent with the arguments he now makes under *Erlinger*.  In his second request, Eaton asks that we take judicial notice of the docket sheets in two other cases where the appellate court declined to follow *Brannon-Thompson* and the People elected not to petition the California Supreme Court for review of the issue.  Eaton claims this is relevant because it shows that the Attorney General "has so little confidence in the *Brannon-Thompson* decision that it has repeatedly refused to bring this issue to our Supreme Court's attention" and thus is proceeding in bad faith.

A reviewing court may take judicial notice of records of a court of this state.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)  But any matter to be judicially noticed must be relevant to a material issue in the case.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)  Given our above analysis and conclusion, we do not find these materials relevant to the resolution of this appeal.  Accordingly, the requests for judicial notice are denied.

### III

### *Abstract of Judgment*

As noted, the abstract of judgment indicates that the punishment was stricken for the prior prison term enhancement under section 667.5.  Eaton submits that because the

10

enhancement is legally invalid, it should be removed from the abstract of judgment entirely.  The People agree, as do we.

## DISPOSITION

The judgment is affirmed.  The clerk of the superior court is directed to prepare a corrected abstract of judgment with Eaton's section 667.5 enhancement removed and to forward a certified copy to the Department of Corrections and Rehabilitation.


_____/s/_____
BOULWARE EURIE, J.


We concur:


_____/s/_____
MAURO, Acting P. J.


_____/s/_____
RENNER, J.

11